**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**JUST FUTURES LAW**
**169 K Street NW, Suite 300**
**Washington, DC 20006,**

***Plaintiff,***

**v.**

Civ. Act. No. 1:26-cv-3160

**UNITED STATES IMMIGRATION**
**and CUSTOMS ENFORCEMENT**
**500 12th St SW**
**Washington, DC 20536,**

***Defendant.***

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

## INTRODUCTION

1. This is an action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and declaratory relief. Plaintiff Just Futures Law ("JFL," *hereinafter* Plaintiff) filed a FOIA request in April 2026, seeking the expedited processing and release of records from Defendant United States Immigration and Customs Enforcement ("ICE"), concerning the agency's use of so-called administrative subpoenas or customs summons pursuant to 8 U.S.C. § 1225(d)(4)(A) and 19 U.S.C. § 1509, respectively (*hereinafter* "administrative subpoenas"). Defendant has used such administrative subpoenas to compel technology companies, internet service providers, and transportation companies to disclose the identities and personal information of anonymous social media users and others who have criticized or engaged in monitoring immigration enforcement activities.

2. Defendant has unjustifiably failed to produce the requested information and its categorical decision to withhold *all* documents responsive to the Request, without apparently even conducting a search, is improper. To vindicate its and the public's statutory right to information about the government's use of administrative subpoenas to undermine the right to anonymous speech, Plaintiff seeks declaratory, injunctive, or other appropriate relief to compel the agency to immediately process Plaintiff's Request and release the records it has unlawfully withheld.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). The Court also has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1346(a)(2).

4. Venue lies in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

5. Plaintiff JFL is a 501(c)(3) non-profit organization that works in partnership with organizers and base-building groups to develop legal and advocacy strategies aimed at addressing criminalization and deportation. JFL disseminates information about the immigration system and the operations of agencies, like Defendant, engaged in that system, to the public in accessible ways. JFL is a leader in providing training and support for legal practitioners, community-based organizations, and community members. JFL provides expert information and community-based education on ICE tactics and possible legal and policy remedies. JFL is established under the laws of Delaware and headquartered in Washington, D.C.

6. Defendant ICE is a sub-agency of the U.S. Department of Homeland Security and is an "agency" within the meaning of 5 U.S.C. § 552(f)(1). Defendant is responsible for enforcing federal immigration laws, including through the apprehension, detention, and removal of

individuals it alleges are unlawfully present in the United States. In furtherance of these responsibilities, ICE has limited statutory authority to issue administrative subpoenas. *See* 8 U.S.C. § 1225(d)(4)(A); 8 U.S.C. § 1324a(e)(2)(C); 50 U.S.C. app. § 2411(a): 21 U.S.C. § 967; 19 U.S.C. § 1509. ICE is headquartered in Washington, D.C. ICE has possession, control, and custody of the records to which Plaintiff seeks access.

**STATEMENT OF FACTS**

7. ICE uses both "administrative subpoenas" and "customs summonses" to request data from tech companies, telecommunications companies, airlines, and other entities. These subpoenas can and are used to gather highly personal and sensitive identifying information about individual users and customers, often when these individuals engage in speech disfavored by the government.

8. Pursuant to 8 U.S.C. § 1225(d)(4)(A), U.S. immigration agencies (including ICE) may subpoena information relating to the privilege of any person to enter, reenter, reside in, or pass through the United States or concerning any matter which is material and relevant to the enforcement of the Immigration and Nationality Act ("INA") and the administration of United States Citizenship and Immigration Services ("USCIS") and ICE. Subpoenas issued by ICE under this authority are a form of administrative subpoena; they are referred to as "Immigration Enforcement Subpoenas" and are generally issued using Form I-138.

9. Under 19 U.S.C. § 1509, U.S. Customs Service may issue a summons to a person who imported, exported, transported, or stored merchandise in or into the U.S., Mexico, or Canada. This authority was delegated to ICE in Department of Homeland Security ("DHS") Delegation 7030.2. Summons issued under this authority are generally referred to as "customs summons" or "1509 summons" and ICE has generally issued such summons using DHS Form 3115.

10. Technology and social media companies, telecommunications companies, and airlines—such as Google, Facebook, and Instagram, AT&T and Verizon, United Airlines and American Airlines—all have access to large amounts of personal information about their respective users, subscribers or customers. Depending on the type of company, this data can include, *inter alia*: name, location, home address, phone call records, travel plans or flight itineraries, birth dates, and credit card or banking information.

11. When ICE sends administrative subpoenas or customs summonses to technology companies and airlines to request access to personal information about users or customers, it threatens invasion of the most intimate and personal information about our daily lives and whereabouts, such as our location or address, who we communicate with over phone calls or text messages, or where and when we plan to travel. ICE can use this information for a variety of reasons, including to locate people for detention or deportation or to identify people who publicly speak out against the government on social media platforms.

12. In February 2026, The New York Times reported that DHS was expanding its use of administrative subpoenas, including to identify or "unmask" U.S. residents behind social media accounts that have criticized ICE or tracked ICE activity in local communities.[1]

13. According to the report, DHS sent hundreds of requests to Google, Reddit, Discord and Meta (owner of Instagram, Facebook and WhatsApp).

14. In March 2026, Reps. Robin Kelly and Pramila Jayapal along with 26 other members of Congress, sent a letter to major technology and telecommunications companies requesting information regarding the companies; "receipt of, response to, and compliance with

[1] Sheera Frankel and Mike Isaac, *Homeland Security Wants Social Media Sites to Expose Anti-ICE Accounts,* The New York Times (February 13, 2026), https://www.nytimes.com/2026/02/13/technology/dhs-anti-ice-socialmedia.html.

administrative subpoenas issued by [DHS], including DHS agencies such as Immigration and Customs Enforcement (ICE)."[2] Members of Congress state that "[r]ecent incidents demonstrate that DHS has used this authority to identify, surveil, and intimidate individuals based on speech and political expression protected by the First Amendment."[3]

15. In April 2026, The Intercept reported that ICE sent an administrative subpoena to Reddit that requested a wide range of personal information about a Reddit user—including their name, address, and phone number—with little to no information justifying the request. The report states that after Reddit notified the user about the request, the user challenged ICE's administrative subpoena in court; in response, ICE withdrew the failed subpoena and escalated its attempt to unmask the Reddit user by ordering the company to appear before a federal grand jury.[4]

16. Previous media reports indicated that between 2016 and 2022, ICE sent 172,679 customs summonses to a wide range of companies, including for records that seemed to have nothing to do with customs violations; ICE reportedly sent half of its customs summonses during this period to telecommunications companies such as AT&T and T-Mobile, with many also sent to airlines.[5]

17. At the same time, the government has attempted to hide its use of administrative subpoenas from the very individuals who are the target of these requests. There is a compelling

---

[2] Reps. Pramila Jayapal and Robin Kelly, *Congressional Letter to Technology and Telecommunications Companies*, (March 2, 2026), at https://robinkelly.house.gov/sites/evo-subsites/robinkelly.house.gov/files/evo-media-document/rep-kelly-leads-letter-to-tech-companies-on-dhs-admin-subpoenas.pdf.

[3] *Id*.

[4] Ryan Devereaux, *A Redditor Criticized ICE. Trump Is Trying to Unmask Them by Dragging the Company to a Secret Grand Jury*, The Intercept (April 10, 2026), https://theintercept.com/2026/04/10/reddit-ice-protest-grand-jury/.

[5] Dhruv Mehrotra, *ICE Is Grabbing Data From Schools and Abortion Clinics,* Wired (April 3, 2023), https://www.wired.com/story/ice-1509-custom-summons/.

need for U.S. residents to understand how using everyday social media platforms, paying for mobile internet services from telecommunications companies, or booking travel with airlines could potentially put them at risk of having their personal information exposed to the government.

**Plaintiff's Request for Information**

18. On April 17, 2026, Plaintiff filed a FOIA request seeking records of the number of such subpoenas ICE issued to certain technology, telecommunications, and airline companies, as well as individual examples of such subpoenas (*hereinafter* "the Request"). A complete and true copy of Plaintiff's FOIA request is attached and marked as Exhibit 1. The requested records concern an "actual or alleged Federal Government activity" about which there is "urgency to inform the public,'" and the request was "made by a person primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II).

19. Specifically, Plaintiff's request sought:

a. The total number of DHS I-138 Immigration Enforcement Subpoenas issued to each of the following entities, between January 1, 2025, to the present date, broken down by ICE ERO or HSI Field Office: (1) Technology Companies: Google; YouTube; Facebook; Instagram; X/Twitter; Reddit; Discord; Bluesky; TikTok; WhatsApp; Signal; Apple; Microsoft; OpenAI; (2) Telecommunications Companies: Verizon; AT&T; T-Mobile; and (3) Airlines: United Airlines; American Airlines; Delta; Southwest.

b. The total number of DHS 1509 Customs Summonses issued to each of the following entities, from January 1, 2025, to the present, broken down by ICE ERO or HSI Field Office: (1) Technology Companies: Google; YouTube; Facebook; Instagram; X/Twitter; Apple; Reddit; Discord; Bluesky; TikTok; Microsoft; WhatsApp; Signal; OpenAI; (2) Telecommunications Companies: Verizon; AT&T; T-Mobile; and (3) Airlines: United Airlines; American Airlines; Delta; Southwest.

c. The following records issued to each of the entities referenced in Point(1)(a)-(c) from January 1, 2025, to the present:
   i. The total number of DHS I-138 Immigration Enforcement Subpoenas issued to each of the referenced entities which was accompanied by a judicial warrant, judicial order, or other evidentiary finding as to probable cause or reasonable suspicion; and

ii. The total number of DHS 1509 Customs Summonses issued to each of the referenced entities which was accompanied by a judicial warrant, judicial order, or other evidentiary finding as to probable cause or reasonable suspicion; and

iii. The total number of DHS I-138 Immigration Enforcement Subpoenas to which the referenced entities responded with user data including but not limited to: names, addresses, email address, screen names, user names, telephone numbers, credit card information, bank account numbers, IP addresses, account status, call logs or call records, geolocation data, communications content (e.g. video, images, or files), search terms, travel itineraries or flight purchase history, passenger names, birth dates, flight number, flight departure or arrival time, or photographs; and

iv. The total number of DHS 1509 Customs Summonses to which the referenced entities responded with user data including but not limited to: names, addresses, email address, screen names, user names, telephone numbers, credit card information, bank account numbers, IP addresses, account status, call logs or call records, geolocation data, communications content (e.g. video, images, or files), search terms, travel itineraries or flight purchase history, passenger names, birth dates, flight number, flight departure or arrival time, or photographs

d. Of those DHS I-138 Immigration Enforcement Subpoenas or DHS 1509 Customs Summonses to which the entities referenced in Point (1)(a)-(c) responded with user data from January 1, 2025, to the present, please provide records sufficient to confirm whether any of the following categories of user/customer data was sought by or provided to ICE: (1) All names, screen names, user names, email addresses; (2) Connection records (including assigned IP addresses) or record of session times and duration for all accounts; (3) Location (street addresses) of all accounts; (4) Length of service (including start date) and types of services utilized; (5) Communications content (e.g. video, images, files) or use of search terms; (6) Telephone or instrument number or other subscriber number or account identity; (7) Means or source of payment for such service (including credit card or account numbers); (8) Travel plans or booking information, such as flight purchase history, or flight itineraries (including flight number, departure time, arrival time); (9) Photographs or other information from travel documents/IDs.[6]

e. A random sample of:

i. Five (5) DHS I-138 Immigration Enforcement Subpoenas issued to <u>each</u> of the referenced entities in Point (1)(a)-(c) from January 1, 2025, to the present by ICE. (105 total samples.)

[6] Plaintiff clarified that it was not seeking any personally identifiable details but rather confirmation of whether the subpoena or summons sought data or the referenced entity provided data within each of the listed categories.

ii. Five (5) DHS 1509 Customs Summonses issued to each of the referenced entities in Point (2)(a)-(c) from January 1, 2025, to the present by ICE. (105 total samples.)

*See* Ex. 1 at 3-5.

20. Notably, in a previous FOIA case, Plaintiff received documents responsive to requests identical to Request subparts 1-2 and 5 (for a different timeframe).[7] Such prior production makes it clear both that ICE is the appropriate custodian of these documents *and* that such documents are created and maintained by Defendant.

21. Plaintiff's Request also requested that the Defendant treat it as a representative of the news media and provide it with a waiver of applicable fees under 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii); 6 C.F.R. § 5.11(k)(1).

22. Finally, Plaintiff's Request sought expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) because there is a compelling need "to inform the public concerning the actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E)(II).

23. Plaintiff's request was assigned a formal request number on the Secure Release platform (ICE FOIA Case Number 2016-ICFO-24211).

24. The ten-calendar-day statutory deadline for Defendant to respond to Plaintiff's request for expedited processing expired on or about May 1, 2026. 5 U.S.C. § 551(a)(6)(E)(ii)(I). Defendant did not respond to Plaintiff's request for expedited processing within that statutory deadline.

---

[7] *See, e.g.*, Just Futures Law, *ICE Issued Hundreds of Requests to Major Tech Companies for Personal Data*, Just Futures Law (last accessed June 15, 2026), https://static1.squarespace.com/static/62c3198c117dd661bd99eb3a/t/646f9ae974cab46bb9ad95f9/1685035755140/Final_JFL+ICE+admin+subpoenas+factsheet.pdf.

25. On May 14, 2026, Defendant submitted a response letter to Plaintiff through the online Secure Release portal. A complete and true copy of Defendant's letter received by Plaintiff is attached and marked as Exhibit 2. The letter acknowledged receipt of Plaintiff's request; invoked the ten-day extension of the request, pursuant to 5 U.S.C. § 552(a)(6)(B); and denied Plaintiff's request for expedited treatment. Defendant's response stated, "If you deem the decision to deny expedited treatment of your request an adverse determination, you have the right to appeal."

26. Defendant's response further stated that it was "withholding all records that would be responsive to items 4 and 5 of your request" pursuant to FOIA Exemption 7(E). Ex. 2 at 2.

27. Though Defendant alleges that documents responsive to subparts 4 and 5 are exempt under FOIA Exemption 7(E), its boilerplate response does nothing to justify withholding under this Exemption. Defendant does not demonstrate that the requested records were compiled for law enforcement purposes; that the withheld information would disclose techniques or procedures for investigations or prosecutions; and that releasing the requested information would create a risk of circumvention of the law.

28. Furthermore, Defendant's response did not state that Defendant gathered, reviewed, and sorted records that would be responsive to subparts 4 and 5, nor did Defendant inform Plaintiff that it could appeal Defendant's decision on subparts 4 and 5.

29. On July 10, 2026, ICE submitted a second response letter to Requester via its online portal. A complete and true copy of Defendant's letter received by Plaintiff is attached and marked as Exhibit 3. The letter stated it was "the final response" to Requester's FOIA request; therein, Defendant stated that it had "determined that the information you are requesting is withholdable in its entirety pursuant to Title 5 U.S.C. § 552(b)(7)(A) … ICE has determined that the information you are seeking relates to ongoing law enforcement investigations." Ex. 3 at 1-2.

30. Though Defendant alleges that "the information [Plaintiff is] requesting is withholdable in its entirety pursuant to Title 5 U.S.C. § 552 (b)(7)(A)," Ex. 3 at 1,[8] its response does nothing to justify withholding under this Exemption. Defendant fails to show the information could reasonably be expected to interfere with enforcement proceedings: it fails to both prove the existence or concrete prospective existence of a law enforcement proceeding *and* prove that the disclosure of the information Plaintiff requested would interfere with that law enforcement proceeding or proceedings.

31. Additionally, even if Defendant *had* provided the information required to properly exempt responsive information under 7(A) and 7(E), it has failed to produce segregable material that does not meet the standard for exemption. The mere fact that an isolated portion of a document is not subject to disclosure does not render the entire document exempt, and Defendant may not sweep all requested documents under a general allegation of exemption, even if the exemption applies to certain portion of a document or documents.

32. On August 5, 2026, pursuant to 5 U.S.C. § 552(a)(6)(A), Plaintiff filed an administrative appeal, challenging Defendant's adverse determination to of its Request. A complete and true copy of Plaintiff's administrative appeal is attached as Exhibit 4. Plaintiff also preserved its right to see a fee waiver, if and when documents are produced. Ex. 4 at 6.

33. On August 5, 2026, Plaintiff received an email in response to its administrative appeal from Sara Jazayeri, Division Counsel at the Government Information Law Division for the ICE Office of the Principal Legal Advisor. A complete and true copy of this response is attached

[8] This response did not specify if it intended this exemption to apply to only subparts 1-3 or to all subparts of the Request.

and marked as Exhibit 5. The response stated, "The Government Information Law Division acknowledges your appeal request of [sic] and is assigning it number 2026-ICAP-00628." Ex. 5.

34. Pursuant to 5 U.S.C. § 552(a)(6)(A)(ii), an agency is required to make a determination on an administrative appeal within twenty working days of receipt.

35. On September 2, 2026, Defendant responded to Plaintiff's administrative appeal. A complete and true copy of this response is attached and marked as Exhibit 6. In this response, Defendant denied Plaintiff's appeal and further stated that "you may obtain judicial review of this decision pursuant to the provisions of 5 U.S.C. § 552(a)(4)(B)." Ex. 6 at 3.

36. In denying Plaintiff's appeal, Defendant claimed that the requested records[9] are exempt from disclosure under (b)(7)(A) because "criminal law enforcement proceedings/investigations are pending or reasonably anticipated" and that the release of this information "would hinder ongoing law enforcement proceedings." *Id*. at 2.

37. However, Defendant's statement that "[t]he records and information at issue in this matter pertain to HSI's mission to investigate a wide range of domestic and international activities," *id.* at 2, is vague and conclusory. Defendant fails to offer any explanation—much less an adequate one—for how the records sought through Plaintiff's request would interfere with *any* pending enforcement proceeding.

38. Despite Defendant's argument that it is not bound to segregate materials, *id*. at 3, Defendant is clearly required to review and produce segregable materials when, for example, an isolated portion of an otherwise responsive and non-exempt document is exempt from disclosure. Yet Defendant here has clearly failed to take any steps to produce segregable material.

---

[9] Defendant again failed to clarify if its argument applied to all five subparts of Plaintiff's requests or only to certain of these requests. *See supra* n. 8.

39. Here, Defendant exerts only exemption (7)(A) and has failed to make an adequate showing that the highly diverse documents Plaintiff seeks are properly withheld under the exemption.[10]

40. Similarly, Defendant's response to Plaintiff's administrative appeal fails to address Plaintiff's argument regarding the prior exertion of Exemption 7(E) as it pertains to subparts 4-5 of Plaintiff's request.

## CLAIMS FOR RELIEF

### COUNT I
### Freedom of Information Act
### 5 U.S.C. § 552
### Failure to Conduct an Adequate Search for Responsive Records

41. Plaintiff repeats the allegations contained in the paragraphs above and incorporates them as though fully set forth herein.

42. Plaintiff properly requested records within the possession, custody, and control of Defendant.

43. Defendant is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

44. Defendant has failed to promptly search agency records for the purpose of locating records responsive to Plaintiff's FOIA request.

45. Defendant's failure to conduct an adequate search for responsive records violations FOIA and applicable regulations. *See* 5 U.S.C. § 552(a)(3)(C).

46. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested records.

### COUNT II

[10] Similarly, Defendant has not made a *Glomar* response.

**Freedom of Information Act**
**5 U.S.C. § 552**
**Wrongful Withholding of Responsive Records**

47. Plaintiff repeats the allegations contained in the paragraphs above and incorporates them as though fully set forth herein.

48. Plaintiff properly requested records within the possession, custody, and control of Defendant.

49. Defendant is an agency subject to FOIA and therefore must release and non-exempt records responsive to a FOIA request and provide a lawful reason for withholding any responsive materials.

50. Defendant is wrongfully withholding responsive agency records requested by Plaintiff by failing to produce non-exempt records responsive to Plaintiff's FOIA Request subparts 1-3.

51. Defendant is further wrongfully withholding responsive agency records requested by Plaintiff in its FOIA Request by impermissibly and improperly asserting a categorical exemption and failing to produce responsive records.

52. Defendant's failure to produce all non-exempt records violates FOIA and applicable regulations. *See* 5 U.S.C. § 552(a)(3), (a)(6).

53. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested records.

**COUNT III**
**Freedom of Information Act**
**5 U.S.C. § 552**
**Failure to Adjudicate Plaintiff's Request for Fee Waiver**

54. Plaintiff repeats the allegations contained in the paragraphs above and incorporates them as though fully set forth herein.

55. Defendant failed to comply with the time limits established in 5 U.S.C. § 552(a)(6) and so therefore cannot assess any search fees against Plaintiff. § 552(a)(4)(A)(viii)(I).

56. Plaintiff is entitled to a full waiver of fees because disclosure of the records sought is in the public interest. The records will contribute significantly to the public understanding of Defendant ICE's operations, and the requests are not primarily in Plaintiff's commercial interest. 5 U.S.C. § 552(a)(4)(A)(iii). Plaintiff meets all the factors required by the regulations authorizing the approval of a fee waiver. See 6 C.F.R. § 5.11(k).

57. Plaintiff has exhausted the applicable administrative remedies with respect to Defendant's failure to grant Plaintiff's request for waiver of fees.

58. Defendant's failure to grant Plaintiff's fee waiver violates FOIA and its implementing regulations. *See* 5 U.S.C. § 552(a)(5)(A)(iii).

59. Plaintiff is entitled to injunctive relief with respect to the wavier of fees.

**REQUESTED RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Order Defendant to immediately make a full, adequate, and expedited search for the requested records;

(b) Order Defendant to engage in expedited processing in this action;

(c) Enjoin Defendant from assessing fees or costs for the processing of the FOIA Request;

(d) Order Defendant to process and disclose the requested records in their entirety and make copies available to Plaintiff no later than ten (10) days after entry of the Court's order;

(e) Award Plaintiff costs and reasonable attorney's fees incurred in this action as provided by 5 U.S.C. § 552(a)(4)(E); and

(f) Grant such further relief as the Court deems just and proper.

Dated: Sept. 10, 2026

**Respectfully submitted,**

*/s/ Sejal Zota*
Sejal Zota (DC Bar No. NC020)
Lesley M. Nash*
Just Futures Law
1629 K. St. NW Suite 300
Washington, D.C. 20006
Phone: (202) 355-6390
lesley@justfutureslaw.org
sejal@justfutureslaw.org

*Attorneys for Plaintiff*

* *Pro hac vice* application forthcoming